## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Steven Nicoski,<br>Plaintiff,<br><br>v.<br><br>Monarch Recovery Management, Inc.,<br>Defendant. | **COMPLAINT AND<br>DEMAND FOR A JURY TRIAL** |

### INTRODUCTION

1.      This is an action for damages brought by Steven Nicoski against Monarch

Recovery Management, Inc. for its repeated violations of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), Telephone Consumer Protection Act,

15 U.S.C. §227 *et seq*. ("TCPA") and invasions of privacy.

### JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§

1331 and 1337, and supplemental jurisdiction exists for state law claims under 28 U.S.C.

§ 1367.

3.      Venue is proper in this district because the relevant acts and transactions

occurred within Minnesota, Plaintiff resides within Minnesota and Defendant transacts

business within Minnesota.

### PARTIES

4.      Plaintiff, Steven Nicoski, is a natural person residing in the City of

Lakeville, County of Dakota and State of Minnesota ("Plaintiff"). He is a "consumer" or

a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3) and 1692k.

5.     Defendant, Monarch Recovery Management, Inc., is a Pennsylvania corporation engaged in the business of collecting debts in Minnesota with its principal place of business located at 10965 Decatur Road, Philadelphia, Pennsylvania 19154 ("Monarch" or "Defendant Monarch"). Defendant Monarch is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTS

6.     On October 12, 2009, Plaintiff purchased a new cellular telephone. He purchased the phone for family emergencies. The phone required pre-paid minutes, which Plaintiff would use and purchase as necessary.

7.     On or around November 1, 2009, Plaintiff started receiving phone calls for a person named, "Delmar Delane." Plaintiff repeatedly told callers that the phone did not belong "Delmar Delane." Upon information and belief, the phone calls were all related to a credit card account with Citi Bank.

8.     On or around January 1, 2010, Plaintiff started receiving telephone calls from Defendant. The Defendant was attempting to collect a consumer debt from "Delmar Delane" (the "Debtor").

9.     Plaintiff didn't know the Debtor, nor where the Debtor could be located.

10.     Each phone call that Defendant made to Plaintiff's cellular telephone was made by an automatic telephone dialing system and greeted Plaintiff with an artificial or prerecorded message.

11.     Plaintiff didn't know the Debtor, nor where the Debtor could be located.

12.     Upon information and belief, the Debtor incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card from Citi Bank USA, N.A. ("the debt" or "the alleged debt").

13.     Upon information and belief, on or around January 1, 2010, the alleged debt was assigned, placed or otherwise transferred to Defendant for collection from the Debtor.

14.     Throughout the years of 2010, 2011 and 2012, Defendant made hundreds of telephone calls to Plaintiff's cellular telephone in an attempt to collect the Debt from the Debtor. Defendant's telephone calls to Plaintiff's cellular telephone were made using an automatic telephone dialing system.

15.     On several occasions, Plaintiff informed Defendant and its employees that Plaintiff's telephone number did not belong to the Debtor. Plaintiff explained that he did not know who the Debtor was or where he could be located. In addition, Plaintiff voiced his frustration with having the pre-paid minutes for his cellular telephone wasted on Defendant's collection calls.

16.     Defendant and its employees stated on several occasions that they would remove Plaintiff's telephone number from their system and cease any further communication with him regarding the debt.

## ILLEGAL COLLECTION CALLS

17.   The following paragraphs describe numerous examples of the collection calls Defendant made to Plaintiff's cellular telephone. This is a partial list of the communications from Defendant.

18.   On November 25, 2011, at 5:49 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

19.   On November 28, 2011, at 5:11 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

20.   On November 29, 2011, at 8:26 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

21.   On November 30, 2011, at 8:35 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

22.   On November 30, 2011, at 5:16 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

23.   On December 1, 2011, at 8:21 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

24.     On December 2, 2011, at 3:43 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

25.     On December 3, 2011, at 8:16 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

26.     On December 5, 2011, at 8:30 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

27.     On December 6, 2011, at 8:30 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

28.     On December 6, 2011, at 5:02 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

29.     On December 7, 2011, at 8:40 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. Defendant left the following artificial or prerecorded message on Plaintiff's voicemail:

> "This is a message for Delmar Delane. If this is not you please hang up or disconnect. By continuing to listen to this message you acknowledge you are Delmar Delane. This is Monarch Recovery Management. This communication is from a debt collector. This is an attempt to collect a debt."

The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

5

30.     On December 8, 2011, at 5:10 p.m., Defendant made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

31.     On December 8, 2011, at 8:10 p.m., Defendant made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

32.     On December 9, 2011, at 4:33 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

33.     On December 9, 2011, at 9:10 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

34.     On December 10, 2011, at 8:19 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-503-3852.

35.     On December 12, 2011, at 8:18 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

36.     On December 12, 2011, at 5:23 p.m., Defendant made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. Defendant left the following artificial or prerecorded message on Plaintiff's voicemail:

> "This is a message for Delmar Delane. If this is not you please hang up or disconnect. By continuing to listen to this message you acknowledge you are Delmar Delane. This is Monarch Recovery Management. This communication is from a debt collector. This is an attempt to collect a debt."

The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

37.     On December 13, 2011, at 8:40 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

38.     On December 13, 2011, at 6:40 p.m., Defendant made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. Defendant left the following artificial or prerecorded message on Plaintiff's voicemail:

> "This is a message for Delmar Delane. If this is not you please hang up or disconnect. By continuing to listen to this message you acknowledge you are Delmar Delane. This is Monarch Recovery Management. This communication is from a debt collector. This is an attempt to collect a debt."

The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

39.     On December 14, 2011, at 8:06 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

40.     On December 15, 2011, at 5:43 p.m., Defendant made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. Defendant left the following artificial or prerecorded message on Plaintiff's voicemail:

> "This is a message for Delmar Delane. If this is not you please hang up or disconnect. By continuing to listen to this message you acknowledge you are Delmar Delane. This is Monarch Recovery Management. This

7

communication is from a debt collector. This is an attempt to collect a debt."

The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

41.     On December 15, 2011, at 8:20 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

42.     On December 17, 2011, at 8:31 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

43.     On December 18, 2011, at 8:50 a.m., Defendant made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. Defendant left the following artificial or prerecorded message on Plaintiff's voicemail:

> "This is a message for Delmar Delane. If this is not you please hang up or disconnect. By continuing to listen to this message you acknowledge ayou are Delmar Delane. This is Monarch Recovery Management. This communication is from a debt collector. This is an attempt to collect a debt."

The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

44.     On December 20, 2011, at 2:38 p.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

45.     On December 21, 2011, at 8:12 a.m., Defendant made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. Defendant left the following artificial or prerecorded message on Plaintiff's voicemail:

> "This is a message for Delmar Delane. If this is not you please hang up or disconnect. By continuing to listen to this message you acknowledge you are Delmar Delane. This is Monarch is Recovery Management. This communication is from a debt collector. This is an attempt to collect a debt."

The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

46.    On December 23, 2011, at 8:50 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

47.    On December 27, 2011, at 11:43 a.m., Defendant placed a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

48.    On December 27, 2011, at 6:36 p.m., Defendant made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. Defendant left the following artificial or prerecorded message on Plaintiff's voicemail:

> "This is a message for Delmar Delane. If this is not you please hang up or disconnect. By continuing to listen to this message you acknowledge you are Delmar Delane. This is Monarch Recovery Management. This communication is from a debt collector. This is an attempt to collect a debt."

The phone number displayed on Plaintiff's caller ID was 1-800-640-9072.

49.    On January 7, 2012, at 8:35 a.m., Defendant made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. Defendant left the following artificial or prerecorded message on Plaintiff's voicemail:

> "This is a message for Delmar Delane. If this is not you please hang up or disconnect. By continuing to listen to this message you acknowledge you are Delmar Delane. This is Monarch Recovery Management. This

communication is from a debt collector. This is an attempt to collect a debt."

The phone number displayed on Plaintiff's caller ID was 1-800-503-3852.

50.    On January 9, 2012, at 7:04 p.m., Defendant made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. Defendant left the following artificial or prerecorded message on Plaintiff's voicemail:

> "This is a message for Delmar Delane. If this is not you please hang up or disconnect. By continuing to listen to this message you acknowledge you are Delmar Delane. This is Monarch Recovery Management. This communication is from a debt collector. This is an attempt to collect a debt."

The phone number displayed on Plaintiff's caller ID was 1-800-503-3852.

51.    On January 10, 2012, at 3:10 p.m., Defendant made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. Defendant left the following artificial or prerecorded message on Plaintiff's voicemail:

> "This is a message for Delmar Delane. If this is not you please hang up or disconnect. By continuing to listen to this message you acknowledge you are Delmar Delane. This is Monarch Recovery Management. This communication is from a debt collector. This is an attempt to collect a debt."

The phone number displayed on Plaintiff's caller ID was 1-800-503-3852.

52.    On January 11, 2012, at 4:10 p.m., Defendant made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. Defendant left the following artificial or prerecorded message on Plaintiff's voicemail:

> "This is a message for Delmar Delane. If this is not you please hang up or disconnect. By continuing to listen to this message you acknowledge you are Delmar Delane. This is Monarch Recovery Management. This

10

communication is from a debt collector. This is an attempt to collect a debt."

The phone number displayed on Plaintiff's caller ID was 1-800-503-3852.

53.     On January 17, 2012, at 3:35 p.m., Defendant made a phone call to Plaintiff's cellular telephone using an automatic telephone dialing system. The phone number displayed on Plaintiff's caller ID was 1-800-503-3852.

### EMOTIONAL DISTRESS

54.     As a result of the Defendant's repeated violations of the FDCPA, TCPA and invasions of Plaintiff's privacy, Plaintiff suffered actual damages in the form emotional distress. Plaintiff suffered from headaches, anxiety, stress, anger, frustration, irritability and upset stomach, among other negative emotions and physical symptoms.

### COUNT I.
### Fair Debt Collection Practices Act Violations
### 15 U.S.C. § 1692

55.     Plaintiff repeats and incorporates by reference paragraphs 1 – 54.

56.     Defendant violated the Fair Debt Collection Practices Act. Defendant's violations include, but are not limited to, the following contained in Paragraphs 57 - 59:

57.     Defendant violated 15 U.S.C. §§ 1692d and 1692d(5) by causing Plaintiff's cellular telephone to ring with the intent to annoy, abuse and harass Plaintiff's.

58.     Defendant violated 15 U.S.C. §§ 1692b(3) and 1692c(b) by communicating with Plaintiff more than once, after being told that Plaintiff was not the Debtor.

59.     Defendant violated 15 U.S.C. §§ 1692c(a)(1) by calling Plaintiff after 9:00 p.m. on December 9, 2011.

## COUNT II.
### Violations of the Telephone Consumer Protection Act
### 47 U.S.C. § 227

60.     Plaintiff repeats and incorporates by reference paragraphs 1 - 59.

61.     The TCPA prohibits a person from making any non-emergency call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone phone number assigned to a cellular telephone service. 47 U.S.C. §227 (b), See 47 CFR 64.1200 (a)(1)

62.     Defendant used an automatic telephone dialing system when it called Plaintiff's cellular telephone in violation of 47 U.S.C. §227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

63.     Defendant used an artificial or prerecorded voice when it called Plaintiff's cellular telephone in violation of 47 U.S.C. §227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

64.     Defendant willfully or knowingly violated the TCPA, 47 U.S.C. 227, entitling Plaintiff to three times the damages available under 47 U.S.C. 227(c)(5)(B).

## COUNT III.
### Invasion of Privacy by Intrusion on Seclusion

65.     Plaintiff incorporates by reference paragraphs 1 – 64.

66.     Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

12

**Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

67.    Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

68.    Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt thereby invading and intruding upon Plaintiff's right to privacy.

69.    Plaintiff's had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

70.    These intrusions and invasions by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

71.    As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

**PRAYER FOR RELIEF**

**THEREFORE**, Plaintiff respectfully request that judgment be entered against Defendant for the following:

**COUNT I.**
**Violations of the Fair Debt Collection Practices Act**

13

1.      For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.      For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.      For an award of costs and litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

## COUNT II.
### Violations of the Telephone Consumer Protection Act

4.      For a declaration that Defendant's telephone calls to Plaintiff violated the TCPA;

5.      For an award of damages consistent with the TCPA, 47 U.S.C. § 227(c)(5)(B);

6.      For an award of triple the damages available under 47 U.S.C. § 227(c)(5)(B) for willful or knowing violations of the TCPA;

7.      For a permanent injunction prohibiting Defendant from placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

8.      Such other or further relief as the Court deems proper;

## COUNT III.
### Invasion of Privacy by Intrusion Upon Seclusion

9.      For an award of actual damages for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

10.     For such other and further relief as may be just and proper.

14

Respectfully Submitted,

**HEANEY LAW FIRM, LLC**

Date: **January 20, 2012**

**s/ Mark L. Heaney**
Mark L. Heaney
Attorney I.D. #0333219
13911 Ridgedale Drive, Suite 110
Minnetonka, Minnesota 55305-1773
Telephone: (952) 933-9655
Facsimile:  (952) 544-1308
Email: mark@heaneylaw.com